```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JOEL GAUCHE,                        :
                                    :
          Petitioner                :  No. 4:04-CV-1248
                                    :
     v.                             :  Petition Filed 6/9/04
                                    :
THOMAS LAVAN, WARDEN, ET AL.,       :  (Judge Muir)
                                    :
                                    :
          Respondents               :
```

<u>ORDER</u>

June 3, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 9, 2004, Petitioner Joel Gauche, an inmate at the State Correctional Institution at Dallas, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Gauche is presently serving aggregated sentences for robbery, theft, two counts of simple assault, two counts of indecent assault, two counts of rape, two counts of unlawful restraint and one count of indecent exposure imposed by the Court of Common Pleas of Bucks County in 1981 and 1982 and one count of possession of a controlled substance and drug paraphernalia imposed by the Court of Common Pleas of Luzerne County in 1990.  The minimum term of these aggregated sentences is twenty years and the maximum is forty years and fifteen days.  In the present petition Gauche contends that the Pennsylvania Department of Corrections improperly aggregated his consecutive sentences 19 years after their imposition and that the Pennsylvania Parole

Board denied him parole in violation of the ex post facto clause because it relied on post-1996 parole guidelines. This case was assigned to us but referred to Magistrate Judge Malachy E. Mannion for preliminary consideration.

On April 5, 2005, Magistrate Judge Mannion filed a report recommending that Gauche's petition for writ of habeas corpus be denied.

On May 2, 2005, Gauche filed objections to the report and a brief in support thereof.  On May 17, 2005, Respondents filed a brief in opposition.  The petition became ripe for disposition on May 31, 2005, when Gauche elected not to file a reply brief.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections.  United States vs. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of the magistrate judge.  Id.  Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  Id.  See also Mathews vs. Weber, 423 U.S. 261, 275 (1976); Goney vs. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Gauche in his objections basically reiterates the arguments he made before Magistrate Judge Mannion. Magistate Judge Mannion in a 24-page report explained why Gauche's petition should be denied. We will not repeat that explanation other than to note (1) that the claim relating to the aggregation of sentences is barred by the one-year statute of limitations because the action of the Department of Corrections to aggregate the sentences became final at the expiration of the thirty day appeal period following the Commonwealth Court's January 19, 2001, decision which dismissed Gauche's petition for writ of mandamus, and (2) that with regard to the ex post facto claim the Parole Board relied on many factors in denying Gauche parole, including his lack of remorse and recommendations of the Department of Corrections, and did not place additional weight on the public safety concerns set forth in the post-1996 amendments to the parole guidelines.

Gauche's objections are devoid of merit. We will, therefore, overrule those objections and adopt Magistrate Judge Mannion's report in toto.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Gauche's objections to Magistrate Judge Mannion's report are overruled.

2. Magistrate Judge Mannion's report filed on March 4, 2005, is adopted in toto.

3. Gauche's petition for writ of habeas corpus is denied.

      4.   The Clerk of Court shall close this case and send a copy of this order to Magistrate Judge Mannion.

      5.   Any appeal from this order will be deemed lacking in probable cause, i.e., a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

                                   s/Malcolm Muir
                                   MUIR, U.S. District Judge

MM:gs